So Ordered.

Dated: May 22, 2024



Katherine Maloney Perhach
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 13 |
| Quentin M. Mosby and | |
| Quiana S. Mosby, | Case No. 23-20795-kmp |
| Debtors. | |

**ORDER MODIFYING STAY PURSUANT TO AGREEMENT OF PARTIES**

On June 20, 2023, Carla McCray filed a complaint against Quentin Mosby, Hribar Transport, LLC, and Amston Supply, Inc. in Cook County, Illinois (Case No. 20233003872) seeking damages for an alleged trucking accident (the "Cook County Case"). The Debtors and their counsel and counsel for Ms. McCray executed a Stipulation to Modify Automatic Stay (Docket No. 60) in which they agreed that the stay should be modified to permit Ms. McCray to pursue her claims against Hribar Transport, LLC and Amston Supply, Inc. in the Cook County Case but on the condition that any final judgment entered in the Cook County Case exclude the Debtors from any personal liability. A copy of the Stipulation is attached hereto.

The Court held a hearing on the Stipulation to Modify Automatic Stay on April 30, 2024. The Debtors' attorney, Samuel Check, and the Trustee's attorney, Kyle Knutson, appeared at the hearing. Upon the Stipulation of the parties on file herein, and for the reasons stated on the record at the hearing,

IT IS THEREFORE ORDERED: the stay of 11 U.S.C. § 362 is modified to the limited extent and for the sole purpose of permitting Carla McCray to pursue her liability claims against Hribar Transport, LLC and Amston Supply, Inc. in the Cook County Case and to obtain a final judgment against or a settlement from Hribar Transport, LLC and Amston Supply, Inc. in the Cook County Case, but on the condition that any final judgment entered in the Cook County Case excludes the Debtors from any and all personal liability.

IT IS FURTHER ORDERED: Carla McCray shall not enforce any judgment against the Debtors personally or against property of the estate while this bankruptcy case is pending without further order of this Court.

IT IS FURTHER ORDERED: this Order is effective immediately and is not stayed for 14 days pursuant to Bankruptcy Rule 4001(a)(3).

#####

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

QUENTIN M. MOSBY, and
QUIANA MOSBY

Case No. 23-20795-kmp

Chapter 13

Debtor(s).

## STIPULATION TO MODIFY AUTOMATIC STAY

The undersigned parties stipulate and agree as follows:

WHEREAS, Vito & Dollenmaier Law, on behalf of Carla McCray ("McCray"), has filed a complaint against Quentin Mosby, Hribar Transport LLC, and Amston Supply Inc in the case of Cook County, Illinois, Third District, Case No. 20233003872 on June 20, 2023 (the "Cook County Case" herein).

WHEREAS, a true and correct copy of the complaint is attached hereto as EXHIBIT A.

WHEREAS, in order to continue the Cook County Case on behalf of McCray, Vito & Dollenmaier Law must obtain relief from the bankruptcy of Quentin and Quiana Mosby (the "Mosby's" herein).

WHEREAS, the parties agree and acknowledge that the alleged claims and alleged incident by which the Cook County Case are based occurred pre-petition and prior to the date of filing of the Mosby's present chapter 13 case. Therefore the alleged claims, if proven, are a pre-petition event.

WHEREAS, the parties agree that McCray and her attorneys shall be awarded relief from the Automatic Stay under 11 U.S.C. §362 to a limited extent and for the sole purpose of pursuing their liability claims against all other third parties involved in the Cook County Case and on the condition that any final judgment entered in that matter excludes the Mosby's from any personal liability.

WHEREFORE, in light of the foregoing, the undersigned hereby agree to the modification of the §362 Automatic Stay, subject to the above agreement and terms:

*Prepared by:*
*The Law Office of Richard A Check SC*
*757 N. Broadway, Suite 401*
*Milwaukee, WI 53202*
*(414) 223-0000*
*court@richardacheck.com*

Dated: 04/05/24

*/s/ Quentin Mosby*
Quentin Mosby
Debtor

Dated: 04/05/24

*/s/ Quiana Mosby*
Quiana Mosby
Joint Debtor

Dated: 04/05/24

*/s/ Samuel Check*
Samuel Check
757 N Broadway Ste 401
Milwaukee, WI 53202
E: scheck@richardacheck.com
(Attorney for Debtors)

Dated: 04/05/24

*/s/ Clay Dant*
Clay Dant
Attorney for Carla McCray
3701 Algonquin Road, Ste 330
E: cdant@vanddlaw.com

*/s/ Kyle R. Knutson*
Kyle R. Knutson
2024.04.08
08:44:38-05'00'

Office of the Chapter 13 Trustee
Scott Lieske

Prepared by:
The Law Office of Richard A Check SC
757 N. Broadway, Suite 401
Milwaukee, WI 53202
(414) 223-0000
court@richardacheck.com

EXHIBIT A

FILED
6/20/2023 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20233003872
Courtroom, 0205
23196733

FILED DATE: 6/20/2023 12:00 AM   20233003872

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, THIRD DISTRICT

| | |
|---|---|
| CARLA MCCRAY | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 20233003872 |
| v. | ) |
| | ) |
| QUENTIN MOSBY, an Individual, HRIBAR TRANSPORT LLC, a Wisconsin Corporation, AND AMSTON SUPPLY INC, a Wisconsin Corporation | ) ) ) |
| Defendant. | |

## COMPLAINT AT LAW

### COUNT I
### CARLA MCCRAY V. QUENTIN MOSBY

Plaintiff, Carla McCray (hereinafter "McCray"), through her attorneys, Vito & Dollenmaier Law, and complaining of Defendant, Quentin Mosby (hereinafter "Mosby"), alleges, as follows:

1. At all times relevant, McCray resided in Waukegan, Illinois.

2. At all times relevant, Mosby resided in Milwaukee, Wisconsin.

3. At all times relevant, McCray was lawfully operating and controlling a motor vehicle on I-294 in Cook County, Illinois.

4. At all times relevant, McCray was in exercise of due care and caution for her own safety and for the safety of others.

5. On or about June 24, 2021, at the aforementioned location, Mosby operated and controlled a motor vehicle.

1

6. At the aforesaid date and location, and at all times relevant hereto, Mosby was an employee and/or agent of Hribar Transport LLC and Amston Supply Inc and was acting within the scope of his employment and/or agency.

7. At the aforesaid date and location, debris from the motor vehicle, operated and controlled by Mosby, came into direct contact with Plaintiff's vehicle.

8. At all times relevant, Mosby owed to McCray a duty to operate, maintain, and control the aforementioned motor vehicle in a safe and lawful manner.

9. Notwithstanding said duty, at the aforesaid date and place, Mosby was guilty of one or more of the following careless and negligent acts or omissions:

   (a) Failed to take necessary precautions to prevent a tire blowout, causing a hazard on the roadway;

   (b) Failed to perform regular inspections and maintenance of the vehicle's tires, including the failure to ensure the integrity of said tires, causing a tire to blow out and create a hazard on the roadway;

   (c) Negligently released tire tread and metal debris onto the roadway, causing a hazard and injury to McCray; and

   (d) Negligently operated a motor vehicle in such a manner that debris from the motor vehicle indirectly contacted Plaintiff's body, thereby injuring McCray;

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions of Mosby, McCray suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, CARLA MCCRAY, demands judgment against Defendant, QUENTIN MOSBY, in an amount in excess of $50,000, plus the costs of this lawsuit.

## COUNT II
## CARLA MCCRAY V. HRIBAR TRANSPORT LLC

FILED DATE: 6/20/2023 12:00 AM 20233003872

Plaintiff, Carla McCray (hereinafter "McCray"), through her attorneys, Vito & Dollenmaier Law, and complaining of Defendant, Hribar Transport LLC (hereinafter "Hribar Transport"), a Wisconsin corporation alleges, as follows:

11. At all times relevant, McCray resided in Waukegan, Illinois.

12. At all times relevant, Mosby resided in Milwaukee, Wisconsin.

13. At all times relevant, Hribar Transport was and is a Wisconsin corporation, authorized to do business in Illinois.

14. On, before, and after June 24, 2021, and at all times relevant hereto, Hribar Transport conducted business in Cook County, Illinois.

15. At all times relevant, Mosby was an agent and/or employee of Hribar Transport and was acting in the scope of his employment and/or agency.

16. At all times relevant, McCray was lawfully operating and controlling a motor vehicle on 1-294 in Cook County, Illinois.

17. At all times relevant, McCray was in exercise of due care and caution for her own safety and for the safety of others.

18. On or about June 24, 2021, at the aforementioned location, Hribar Transport, by and through its employee and/or agent, Mosby, operated and controlled a motor vehicle.

19. At the aforesaid date and location, debris from the motor vehicle, operated and controlled by Mosby, came into direct contact with Plaintiff's vehicle.

20. At all times relevant, Hribar Transport owed to McCray a duty to operate, maintain, and control the aforementioned motor vehicle in a safe and lawful manner.

FILED DATE: 6/20/2023 12:00 AM   20233003872

21. Notwithstanding said duty, at the aforesaid date and place, Hribar Transport, by and through its employee and/or agent, Mosby, was guilty of one or more of the following careless and negligent acts or omissions:

    (a) Failed to take necessary precautions to prevent a tire blowout, causing a hazard on the roadway;

    (b) Failed to perform regular inspections and maintenance of the vehicle's tires including the failure to ensure the integrity of said tires, causing a tire to blow out and create a hazard on the roadway;

    (c) Negligently released tire tread and metal debris onto the roadway, causing a hazard and injury to McCray; and

    (d) Negligently operated a motor vehicle in such a manner that debris from the motor vehicle indirectly contacted Plaintiff's body, thereby injuring McCray;

22. As a direct and proximate result of one or more of the foregoing acts and/or omissions of Hribar Transport, by and through its employee and/or agent, Mosby, McCray suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, CARLA MCCRAY, demands judgment against Defendant, HRIBAR TRANSPORT LLC, in an amount in excess of $50,000, plus the costs of this lawsuit.

## COUNT III
## CARLA MCCRAY V. AMSTON SUPPLY INC

Plaintiff, Carla McCray (hereinafter "McCray"), through her attorneys, Vito & Dollenmaier Law, and complaining of Defendant, Amston Supply Inc (hereinafter "Amston Supply"), alleges, as follows:

23. At all times relevant, McCray resided in Waukegan, Illinois.

24. At all times relevant, Mosby resided in Milwaukee, Wisconsin.

25. At all times relevant, Amston Supply was and is a Wisconsin corporation, authorized to do business in Illinois.

4

26. On, before, and after June 24, 2021, and at all times relevant hereto, Amston Supply conducted business in Cook County, Illinois.

27. At all times relevant, Mosby was an agent and/or employee of Amston Supply and was acting in the scope of his employment and/or agency.

28. At all times relevant, McCray was lawfully operating and controlling a motor vehicle on 1-294 in Cook County, Illinois.

29. At all times relevant, McCray was in exercise of due care and caution for her own safety and for the safety of others.

30. On or about June 24, 2021, at the aforementioned location, Amston Supply, by and through its employee and/or agent, Mosby, operated and controlled a motor vehicle.

31. At the aforesaid date and location, debris from the motor vehicle, operated and controlled by Mosby, came into direct contact with Plaintiff's vehicle.

32. At all times relevant, Amston Supply owed to McCray a duty to operate, maintain, and control the aforementioned motor vehicle in a safe and lawful manner.

33. Notwithstanding said duty, at the aforesaid date and place, Amston Supply, by and through its employee and/or agent, Mosby, was guilty of one or more of the following careless and negligent acts or omissions:

    (a) Failed to take necessary precautions to prevent a tire blowout, causing a hazard on the roadway;

    (b) Failed to perform regular inspections and maintenance of the vehicle's tires including the failure to ensure the integrity of said tires, causing a tire to blow out and create a hazard on the roadway;

    (c) Negligently released tire tread and metal debris onto the roadway, causing a hazard and injury to McCray; and

5

FILED DATE: 6/20/2023 12:00 AM 20233003872

(d) Negligently operated a motor vehicle in such a manner that debris from the motor vehicle indirectly contacted Plaintiff's body, thereby injuring McCray;

34. As a direct and proximate result of one or more of the foregoing acts and/or omissions of Amston Supply, by and through its employee and/or agent, Mosby, McCray suffered and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, CARLA MCCRAY, demands judgment against Defendant, AMSTON SUPPLY INC, in an amount in excess of $50,000, plus the costs of this lawsuit.

_____
Joseph V. Vito

Joseph V. Vito / Nicholas S. Dollenmaier
Vito & Dollenmaier Law
3701 Algonquin Road, Suite 330
Rolling Meadows, Illinois 60008
jvito@vanddlaw.com / nick@vanddlaw.com
(224) 539-8821

FILED DATE: 6/20/2023 12:00 AM 20233003872

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**MUNICIPAL DEPARTMENT, THIRD DISTRICT**

| | |
|---|---|
| CARLA MCCRAY ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: |
| v. ) | |
| ) | |
| QUENTIN MOSBY, and individual, HRIBAR ) | |
| TRANSPORT LLC, a Wisconsin Corporation, ) | |
| and AMSTON SUPPLY INC, a Wisconsin ) | |
| Corporation | |
| | |
| Defendant. | |

## AFFIDAVIT

I, Joseph V. Vito, attorney for Plaintiff, state under oath:

1. I am the attorney for Plaintiff in this matter.

2. The total money damages sought exceeds $50,000.00, exclusive of interests and costs.

_____
Joseph V. Vito

Joseph V. Vito / Nicholas S. Dollenmaier
Vito & Dollenmaier Law
3701 Algonquin Road, Suite 330
Rolling Meadows, Illinois 60008
jvito@vanddlaw.com / nick@vanddlaw.com
(224) 539-8821